IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DENNIS KEESLER, individually and on behalf )
of all others similarly situated, )
)
                Plaintiff, )
)
       v. ) Case No. 16 C 199
)
ELECTROLUX HOME PRODUCTS, INC., )
)
                Defendant. )

## MEMORANDUM OPINION AND ORDER

This action and Elward v. Electrolux Home Products, Inc. ("Electrolux"), 15 C 9882, both putative class actions filed by the same plaintiffs' counsel, have advanced virtually identical multicount theories of recovery stemming from the same alleged defect in Electrolux-branded dishwashers. Although the actions did not qualify for reassignment on relatedness grounds under the conditions required for such treatment by this District Court's LR 40.4, a high degree of coordination of the two cases was obviously called for to minimize duplicative lawyers' efforts (particularly, though not exclusively, in the area of discovery) as well as in the interest of judicial efficiency. This Court's colleague Honorable John Lee, to whom the Elward case was randomly assigned, has graciously agreed to wield the laboring oar in that regard (as would have been the case if LR 40.4 had applied, for his is the lower-numbered case).

Now Electrolux has filed motions to dismiss the First Amended Complaint ("FAC") in each case, and when courtesy copies of those filings were delivered to this Court's chambers at its request it found them to be substantially parallel (hardly a surprise, given the common authorship and parallel structure of the two FACs). But comparison of the two current motions

revealed that the name plaintiff in this case is a Pennsylvania citizen while the name plaintiff in Judge Lee's case is from Illinois, so that Illinois' choice of law rules call for the substantive law of the two different states to be applied in deciding the motions to dismiss. That being so, this Court concluded that to impose that double burden on Judge Lee was certainly not called for to serve the purposes for which the coordination arrangements had been adopted, and Judge Lee had independently reached the same view.

Hence this opinion turns to deciding Electrolux's motion in this action. As is so often the case among Illinois practitioners, plaintiffs' counsel has splintered what really is a single "claim for relief" (the relevant concept under federal law -- see Fed. R. Civ. P. ("Rule") 8(a)) -- into a host of separate "counts," each of which asserts its own theory of recovery, a needless and often misguided practice.[1] Accordingly this opinion must parse the FAC in the same fashion as it has been presented by plaintiffs' counsel and attacked by Electrolux's counsel.

FAC's Count I asserts a breach of implied warranty on the part of Electrolux, whose counsel have challenged that count as time-barred under Pennsylvania law. Keesler's grievance is that some five years after his 2008 purchase of an Electrolux-branded dishwasher he observed

---

[1] For many years this Court has been calling the attention of lawyers (1) to the very different function of "counts" as set out in Rule 10(b), one of only two places where that term appears in the Rules (the other reference, in Rule 8(d)(2), is in total sync with that function), and (2) to the distinction between the federal "claim for relief" and the state law concept of "causes of action," which have as a necessary ingredient a theory of recovery. By sharp contrast, a complaint that states a claim for relief will survive Rule 12(b)(6) analysis even if it does not state a theory of recovery -- or indeed, even if it states the wrong theory of recovery. For excellent discussions of the difference between "claim for relief" and "cause of action," see NAACP v. Am. Family Mut. Ins. Co., 978 F. 2d 287, 292 (7th Cir. 1992) and Bartholet v. Reishauer A.G.(Zurich), 953 F.2d 1073 (7th Cir. 1992). Regrettably this Court's efforts to stanch the flow of wrongly conceived and wrongly asserted complaints in that respect has had much the same degree of success as Mickey Mouse in Walt Disney's classic Fantasia, seeking to sweep back the sea with a broom to the tune of Dukas' Sorcerer's Apprentice.

smoke while washing dishes and discovered that a hole had melted in the dishwasher's plastic tub, flooding his home (FAC ¶ 33). That paragraph then went on to allege:

> In addition to the water damage, his house sustained smoke and fire damage.

By way of challenge to Count I, Electrolux's memorandum of law ("Mem.") in support of its motion points to Pennslyvania's four-year statute of limitations (13 Pa. C.S. § 2725) and to its provision that states (id.):

> A breach of warranty occurs when tender of delivery is made.

On its face, then, the Count I contention that Electrolux is liable for a breach of the implied warranty of merchantability would fail, for five years elapsed between Keesler's purchase of the Electrolux dishwasher and its later failure and consequent damage that gave rise to this lawsuit.

That, however, is unduly simplistic, for it fails to take into account the applicability to this case of a principle on which the Pennsylvania Supreme Court expounded at some length in Fine v. Checcio, 870 A.2d 850 (Pa. S.Ct. 2005): the long-established and well-known doctrine of fraudulent concealment that operates to exclude time from the running of the statute of limitations. As Fine, id. at 860 (citations omitted and emphasis added) explained:

> The doctrine is based on a theory of estoppel, and provides that the defendant may not invoke the statute of limitations, if through fraud _or_ concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts. The doctrine does not require fraud in the strictest sense encompassing an intent to deceive, but rather fraud in the broadest sense, which includes an unintentional deception.

None of the cases cited in Electrolux's memorandum comes to grips with the concept expressed in the final sentence of that quotation.

In that light Electrolux's position as to a claimed limitations bar is particularly outrageous in light of the extensive allegations in Keesler's FAC. In that respect FAC ¶¶ 12-31 devote

- 3 -

nearly 14 pages (many of them single-spaced) to factual allegations that expressly describe Electrolux's extensive knowledge of the hazard of its dishwashers catching on fire, knowledge that caused it to recall its dishwashers outside of the United States but <u>not</u> in this country.[2] Electrolux's Mem. 4 seeks to go on the attack by referring to the FAC's "lackluster and thread-bare allegations of misrepresentation," but it must be remembered that Rule 12(b)(6) calls for crediting a plaintiff's well-pleaded allegations, and pejorative name-calling cannot deflect a principled approach to the issue.

Indeed Electrolux's position is extraordinarily ironic in light of its conduct in having been well aware of its dishwashers' problem and in having taken that problem seriously enough to institute recalls of its product in other countries while it continued to stock the shelves of retailers here in the United States. In sum, although further proceedings might perhaps prove to justify Electrolux's limitations defense, for now FAC's Count I survives.

Next come Keesler's Counts II through V, respectively labeled as sounding in "Strict Liability - Design Defect," "Strict Liability - Failure To Warn," "Negligence" and "Negligent Failure To Warn." All four of those contentions are targeted by Electrolux as assertedly being barred by the "economic loss" doctrine, as to which its counsel cites <u>Spivack v. Perks Ridge Corp.</u>, 402 Pa. Super. 73, 78 (1990):

> The general rule of law is that economic losses may not be recovered in tort (negligence) absent physical injury or property damage.

---

[2] Such recalls were made in both Australia and the United Kingdom in 2007 (FAC ¶ 22), while Keesler's purchase was made in the following year (<u>id.</u> ¶ 32).

That principle has been rephrased by a federal District Court in Pennsylvania (Sarsfield v. Citimortgage, Inc. 707 F.Supp.2d 546, 556 (M.D. Pa. 2010) as calling for "[ ]either physical injury [ ]or damage to tangible property."

In that respect Electrolux's counsel criticize what their Mem. 6 refers to as "this intentionally ambiguous description" set out in FAC ¶ 33:

> In addition to the water damage, his house sustained smoke and fire damage.

In an attempted response, Mem. 6 says that a photograph included in the FAC "clearly shows any such 'fire' was in all likelihood contained entirely within the water-filled tub." Once again that assertion, though it may prove to be accurate when the facts are in, does violence to the operative standard that controls dismissal or nondismissal under Rule 12(b)(6). If the FAC allegation is indeed ambiguous, as Electrolux's counsel say, the need to draw inferences in favor of Keesler at this stage of the game calls for rejection of Electrolux's position.

Electrolux fares better as to FAC Count VI, which seeks declaratory or injunctive relief. Its counsel are entirely correct in contending that the federal Declaratory Judgment Act (28 U.S.C. § 2201) provides only a form of relief, not an independent claim for relief. Nor is Keesler entitled to injunctive relief, given the adequacy of his remedy at law if he prevails. In summary, then, FAC Count VI is stricken.

As for FAC Count VII and its claim of unjust enrichment, it is really not a stand-alone claim -- if Keesler proves successful in establishing liability on Electrolux's part under any appropriate theory of recovery, the damages that he recovers will subsume whatever Electrolux

would have gained through its sale of a defective unit to Keesler.[3]  Hence FAC Count VII is also stricken.

Next comes FAC Count VIII, labeled "Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law."  There Electrolux's counsel lean heavily on the Pennsylvania caselaw that requires such a claimant to show justifiable reliance on a defendant's part and on the Third Circuit's opinion applying Pennsylvania law in Hunt v. U.S. Tobacco Co., 538 F.3d 217 (3d Cir. 2008), which sets out the same requirement of justifiable reliance.  That is extraordinarily puzzling, for Electrolux's Mem. 12 quotes this from Hunt, id. at 222 n.4:

> A justifiable-reliance requirement, by contrast, requires the plaintiff to go further -- he must show that he justifiably bought the product in the first place (or engaged in some other detrimental activity) because of the misrepresentation.

But FAC ¶ 35 expressly alleges:

> Mr. Keesler would not have purchased the dishwasher had Electrolux disclosed that the dishwasher's electrical system contains a defective electrical system at the point of sale, causing it to overheat and catch fire.

For present purposes that allegation must be credited, and because the deliberate withholding of a highly relevant adverse risk should stand on no different footing than a direct misrepresentation, Electrolux's position does not withstand scrutiny.  So FAC Count VIII also survives dismissal, although once again it should be stressed that this Court neither makes nor implies any findings as to the ultimately viability or nonviability of Keesler's claim.[4]

---

[3] It seems likely that Keesler's counsel included the unjust enrichment "count" primarily in conjunction with his attempt at class treatment.  But if so, what has been stated in the text would appear to apply there as well.

[4] Mem. 12-13 also attacks Count VIII under the economic loss doctrine, but this opinion's earlier discussion on that score applies here as well.

Finally, FAC Count IX is labeled "Fraudulent Concealment" and is challenged for an asserted lack of the specificity called for by Rule 9(b). But once more Electrolux's counsel seek to rely on name-calling rather than analysis, characterizing the FAC's first 15 pages as "dedicated to salacious and unverified statements that he found on line."

This Court is tempted to remind counsel of the timeworn children's doggerel that begins with "sticks and stones . . . ." Counsel's pejorative characterization ignores the link between such reports that demonstrate Electrolux's unquestionable awareness of the risk at issue in this lawsuit and the earlier-referred-to FAC ¶ 22 that sets out Electrolux's consequent recall of dishwashers -- in the year <u>before</u> Keesler bought his unit -- in both Australia and the United Kingdom, but not in the United States. Again, just as has been said as to Count I, and with all reasonable inferences drawn in Keesler's favor, as is required on Electrolux's current motion to dismiss, FAC Count IX also survives potential dismissal at this time.

## **Conclusion**

Because this opinion will be a matter of record, a minute entry stating that Electrolux's motion to dismiss [Dkt. No. 37] is granted in part and denied in part will suffice. Electrolux's counsel are ordered to file its answer to the several counts that have withstood dismissal here on or before August 11, 2016. Meanwhile Judge Lee will continue, as before, to oversee discovery in this case as well as his own, and perhaps to deal in the first instance as to other matters that may be common to the two lawsuits.

_____
Milton I. Shadur
Senior United States District Judge

Date: July 21, 2016